IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CURT RIDGEWAY,<br><br>    Plaintiff,<br><br>vs.<br><br>FLEET CREDIT CARD SERVICES, L.P., EQUIFAX, INC., EXPERIAN SERVICES CORP., TRANS UNION, L.L.C.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:03-CV-858 TS |

This matter came before the court on April 4, 2005, for hearing on the Motions for Summary Judgment brought by defendants Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), and Equifax Information Services, LLC ("Equifax"). Experian was represented by Michael G. Morgan of Jones Day. Trans Union was represented by Paul L. Myers of Strasburger & Price, LLP. Equifax was represented by Cindy Hanson of Kilpatrick Stockton, LLP. Defendant Fleet Credit Card Services, L.P. ("Fleet") was represented by Craig H. Howe of Ballard, Spahr, Andrews & Ingersoll, LLP. Plaintiff Curt Ridgeway was represented by J. Craig Carman. The Court having read and considered all of the memoranda and other papers filed in support of and in opposition to

1

the motions; having heard and considered the arguments and representations of counsel; having announced on the record its disposition of the motions; and good cause appearing for the entry of an order formally embodying the same, the court finds and concludes as follows.

As to Plaintiff's third cause of action against Experian, Trans Union, and Equifax for failure to investigate under 15 U.S.C. § 1681i, the Court will grant summary judgment in favor of Experian, Trans Union, and Equifax.  There is no issue of material fact regarding Plaintiff's claim that Experian, Trans Union, and Equifax failed to conduct a reasonable investigation by failing to provide Fleet with Plaintiff's May 6, 2003 dispute letter or the information contained therein, because Plaintiff's letter represented to Experian, Trans Union, and Equifax that Plaintiff had previously provided Fleet with similar information.  The undisputed evidence shows that the actions of Experian, Trans Union, and Equifax in conducting their investigations in response to Plaintiff's May 6, 2003 letter were proper, due to the fact that as a general rule, going back to a furnisher for the conducting of an investigation is consistent with the requirements of the FCRA.  Further, there has been no evidence that would show that Experian, Trans Union, or Equifax knew or had reason to believe that the furnisher in this instance, Fleet, was unreliable.  Plaintiff's May 6, 2003 letter did not trigger any requirement that Experian, Trans Union, or Equifax undertake an independent investigation into Plaintiff's claims, above and beyond verifying the disputed information with Fleet.

As to Plaintiff's fourth cause of action against Experian, Trans Union, and Equifax for failure to add a consumer statement, the Court grants summary judgment in favor of

Experian, Trans Union, and Equifax. Plaintiff's May 6, 2003 letter to Experian, Trans Union, and Equifax did not follow an investigation as required to sustain such a claim under the FCRA, but instead prompted the investigation. Further, the May 6, 2003 letter did not constitute the type of notice required by the statute to require the inclusion of a consumer statement.

As to Plaintiff's fifth cause of action against Experian, Trans Union, and Equifax for failure to maintain reasonable procedures under 15 U.S.C. § 1681e(b), the Court grants summary judgment in favor of Experian, Trans Union, and Equifax for the reasons stated at the hearing.

As to Plaintiff's sixth cause of action against Experian, Trans Union, and Equifax for defamation, the Court grants summary judgment in favor of Experian, Trans Union, and Equifax. The FCRA preempts a state law defamation claim unless the plaintiff consumer proves malice or willful intent to injure. Plaintiff has not pointed to nor produced any evidence supporting an inference that Experian, Trans Union, or Equifax reported information with malice or willful intent toward him.

As to Plaintiff's claim for punitive damages for defamation and willful violations of the FCRA under 15 U.S.C. § 1681n, the Court grants summary judgment in favor of Experian, Trans Union, and Equifax, because Plaintiff has not pointed to any evidence supporting an inference that Experian, Trans Union, or Equifax willfully violated the FCRA.

It is therefore

ORDERED that defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment is GRANTED. It is further

ORDERED that defendant Trans Union LLC's Motion for Summary Judgment is GRANTED. It is further

ORDERED that defendant Equifax Information Services LLC's Motion for Partial Summary Judgment is GRANTED and Equifax is granted summary judgment on all claims. It is further

ORDERED that defendant Fleet's Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.

DATED  May 18, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge