IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CURT RIDGEWAY,<br><br>    Plaintiff,<br><br>vs.<br><br>FLEET CREDIT CARD SERVICES, et al.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS<br><br><br>Case No. 2:03-CV-858 TS |

Plaintiff moves for the review of the clerk's taxation of the costs of several depositions under § 1920.[1] Defendants prevailed on their summary judgment motions and submitted Bills of Costs. The Clerk of Court taxed costs in favor of Defendants, including costs of the depositions that the clerk found were necessary for trial preparation.[2] Plaintiff objects to the taxation of costs of depositions in favor of the Defendants on the ground that

---

[1] 28 U.S.C. §1920.

[2] Docket No. 304 Taxation of Costs ("Deposition costs are allowed as meeting the test of necessity at the time the depositions were taken.").

1

Defendants have not adequately demonstrated that the deposition costs were reasonably necessary within the meaning of Tenth Circuit case law.

Having reviewed the entire record, the Court finds that the clerk of court applied the correct legal standard. "The general costs statute, 28 U.S.C. § 1920, permits recovery of deposition costs 'necessarily obtained for use in the case.' 'We have stated that this definition authorizes recovery of costs with respect to all depositions reasonably necessary to the litigation of the case.'"[3]

"A deposition is not obtained unnecessarily even if not strictly essential to the court's resolution of the case."[4] Although the fact that a deposition is used in connection with dispositive motions or trial is evidence that it was reasonably necessary, such actual use is not required if taking the deposition appeared reasonably necessary in light of the facts known to the parties at the time the expenses of the depositions were incurred.[5]

In the present case, the Court examines the record to determine if the depositions were reasonably necessary for use in the case at the time they were taken. At that time, of course, Defendants did not know if they would prevail in the summary judgment motions or in their Motions in Limine seeking to exclude testimony from some witnesses. The importance to the parties of the deponents' anticipated testimony if the trial went forward

---

[3] *Mitchell v. City of Moore, Okla.,* 218 F.3d 1190, 1204 (10th Cir. 2000) (quoting 28 U.S.C. § 1920(2), (4) and *Furr v. AT & T Technologies, Inc.,* 824 F.2d 1537, 1550 (10th Cir. 1987))

[4] *Furr,* 824 F.2d at 1550.

[5] *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340-41 and n.9 (10th Cir. 1998).

is shown by the fact that Plaintiff listed all of the deponents as his "will call" witnesses at trial.[6]

Plaintiff himself designated pages of the deposition of deponent Strenk for use at trial.[7] Four of the disputed depositions involved anticipated testimony that Plaintiff deemed so important that he discussed it in his Trial Brief.[8] Deponents Teerlink, Larsen, Thompson and Darton are Plaintiff's experts. Defendants sought to exclude their testimony,[9] but if it were not excluded and trial had gone forward, it would have been necessary for Defendants to cross examine the experts at trial. Accordingly, depositions of these experts appeared to be necessarily obtained for use in the case at the time they were taken. Based upon the entire record, the Court finds that all of the depositions for which costs were taxed were reasonably necessary to the litigation at the time they were taken. It is therefore

---

[6] Docket No. 244, Joint Stipulation and Pretrial Order, at 6.

[7] See Docket No. 265, Pl.'s Ex. List re: Deposition testimony.

[8] Discussing expected testimony by Plaintiff, his wife, Teerlink, Strenk and Thompson.

[9] See Docket No. 271, Pl.'s Mem. in Opp. to Defendant's Motions in Limine to exclude testimony of Plaintiff's experts Thompson, Darton and Larsen and Docket No. 269 (same re: Teerlink as expert).

ORDERED that Plaintiff's Motion to Review Clerk's Taxation of Costs (Docket No. 305) is DENIED.

DATED  September 21, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge